IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MORGAN KULCHAWIK, AUSTIN IVES AND BERNADETTE BALEK, on behalf of themselves and those similarly situated, | ) ) ) ) | Case No. |
| Plaintiffs, | ) ) ) | JURY TRIAL DEMANDED |
| vs. | ) ) | |
| BLARNEY ENTERPRISES, INC., | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Morgan Kulchawik ("Kulchawik"), Austin Ives ("Ives") and Bernadette Balek ("Balek") (collectively "Plaintiffs"), for their Complaint against Defendant Blarney Enterprises, Inc. ("Defendant" or "Blarney"), state as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") due to Defendant's failure to pay Plaintiffs and other similarly situated employees earned minimum wages, and for failure to comply with the tip credit provisions of the FLSA and IMWL.

2. On information and belief, Defendant operates the Port of Blarney bar and restaurant in Antioch, Illinois, in Lake County in this judicial district.

3. Plaintiffs Kulchawik, Ives and Balek worked as bartenders at Blarney. Kulchawik worked at Blarney from approximately March of 2013 until approximately March of 2018.

4. Plaintiff Ives worked for Blarney from approximately April 2017 until approximately September 2017.

5. Plaintiff Balek worked at Blarney from approximately May 2017 until approximately May of 2018, with a gap from approximately November 2017 until approximately March of 2018.

6. Plaintiffs and other similarly situated employees are current and former tipped employees employed by Defendant.

## THE PARTIES

7. Plaintiff Kulchawik resides in McHenry County, Illinois. Within the last three years, she was employed as a bartender by Defendant at its Port of Blarney bar in Antioch, Illinois, within this judicial district.

8. Plaintiff Ives resides in McHenry County, Illinois. Within the last three years, he was employed as a bartender by Defendant at its Port of Blarney bar in Antioch, Illinois within this judicial district.

9. Plaintiff Balek resides in McHenry County, Illinois. Within the last three years, she was employed as a bartender by Defendant at its Port of Blarney bar in Antioch, Illinois within this judicial district.

10. Defendant Blarney Enterprises, Inc. is an Illinois Corporation that owns and operates Port of Blarney in Antioch, Illinois, within this judicial district.

11. At all relevant times, Plaintiffs were "employee(s)" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e) and the IMWL, 820 ILCS 105/3(d).

12. During the course of their employment by Defendant, Plaintiffs were not exempt from the minimum wage of the FLSA.

13. During the course of their employment by Defendant, Plaintiffs were not exempt from the minimum wage of the IMWL.

14. Defendant was Plaintiffs' "employer" as defined in the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS 105/3(c).

15. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s)(1).

16. On information and belief, Defendant's annual gross volume of sales made, or business done, is not less than $500,000, exclusive of excise taxes.

17. In the course of their employment by Defendant, Plaintiffs were engaged in interstate commerce. During the course of their employment by Defendant, Plaintiffs handled goods, including perishable food products that move in interstate commerce.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216 (b).

19. This Court has personal jurisdiction over the Defendant in this action because it is an Illinois corporation with its principal place of business located in Illinois and because the acts giving rise to this lawsuit took place within this district. Defendant has purposely availed itself of benefits and protections of the laws of the State of Illinois such that it should reasonably anticipate being haled into court in Illinois.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this district and may be found here and because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this district.

## FACTUAL ALLEGATIONS

21. The Fair Labor Standards Act requires employers to pay employees a minimum wage for hours worked during a week and one and one-half times that rate for hours worked in

excess of 40 hours in a week. The FLSA's tip credit subsection allows an employer to pay tipped employees a wage lower than minimum wage conditioned upon the employer meeting certain statutory requirements. Among those requirements are (1) that the employer inform employees of the provisions of the tip credit subsection and (2) that the employee shall retain all tips.

22. During the last three years, Defendant failed to inform Plaintiffs of the provisions of the tip credit subsection.

23. On information and belief, during the last three years, Defendant failed to inform other tipped employees of the provisions of the tip credit subsection.

24. During the last three years, Defendant regularly took Plaintiffs' tips to cover shortages in the cash register and to pay for bills of customers who "walked out" without paying their bill.

25. On information and belief, during the last three years, Defendant had a practice of regularly using employee tips to cover shortages in the cash register at its locations. According to at least one former manager of Blarney, the practice of taking tips to make up shortages in the cash register or pay for walk-outs at the end of a shift was a consistent practice of Blarney for longer than the past three years. When managers or new bartenders were trained by Defendant, they were instructed to collect cash register shortages and walk-out tabs from tipped employees.

26. Defendant's practices violated the FLSA and IMWL. Plaintiffs bring their FLSA claims as a collective action and their IMWL claims as class actions. Named Plaintiffs' FLSA consent forms are attached as Exhibit A.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT (MINIMUM WAGES)**
**(COLLECTIVE ACTION– TIP CREDIT VIOLATION)**

27. Plaintiffs hereby re-allege and incorporate the allegations of paragraphs 1 through 26 of this Complaint.

28. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S. C.§ 201, *et seq*., for its failure to pay minimum wages to Plaintiffs.

29. This count is brought as a collective action under 29 U.S.C. § 216(b).

30. During the course of their employment, Plaintiffs were entitled to be paid the applicable minimum wage under the FLSA.

31. During the course of their employment, other tipped employees were entitled to be paid the applicable minimum wage under the FLSA.

32. Defendant's practices of failing to inform employees of the tip credit provisions of the FLSA and using tips to cover drawer shortages and walk-out tabs violate the minimum wage provisions of the FLSA.

33. On information and belief, Defendant's violations of the FLSA were willful.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. Judgment in the amount of the owed minimum wages for all time worked by Plaintiffs during the last three years;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages;

C. An injunction precluding Defendant from violating the Fair Labor Standards Act;

D. Reasonable attorneys' fees and costs incurred in prosecuting this action; and

E. Such other and further relief as this Court deems just and proper.

### COUNT II
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### (MINIMUM WAGES)
### (CLASS ACTION – TIP CREDIT VIOLATION)

34. Plaintiffs hereby re-allege and incorporate the allegations of paragraphs 1 through 33 of this Complaint.

35. This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for Defendant's failure to pay Plaintiffs and the class of tipped employees that they represent all of their earned minimum wages. Plaintiffs and the class are current and former employees of Defendant who during the past three years were paid the tipped employee minimum wage. Plaintiffs bring this count as a class action under Fed. R. Civ. P. 23.

36. During the course of their employment, Plaintiffs were entitled to be paid the applicable minimum wage under the IMWL.

37. During the course of their employment, other tipped employees were entitled to be paid the applicable minimum wage under the IMWL.

38. Defendant's practices of failing to inform employees of the tip credit provisions of the IMWL and using tips to cover drawer shortages and walk-out tabs violate the minimum wage provisions of the IMWL.

39. On information and belief, Defendant's violations of the IMWL were willful.

40. Plaintiffs seek to certify this Count II as a class action and ask the Court to determine the rights of the class pursuant to those statutes, and any other damages due, and to direct Defendant to account for all back wages, penalties and prejudgment interest due the Plaintiffs and the class they represent.

41. Plaintiffs bring this action on their own behalf, and in their representative capacity, against Defendant.

42. Class members similarly situated to Plaintiffs are so numerous that joinder of all members is impracticable.

43. The individually named Plaintiffs and similarly situated tipped employees are equally affected by the minimum-wage payment violations of Defendant; and the relief sought is for the benefit of the individual Plaintiffs and the class that Plaintiffs represent.

44. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations that may exist between members of the class, if any.

45. The individual Plaintiffs and the class of similarly situated persons on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

46. The violations alleged by Plaintiffs are the result of generally applicable policies or practices, and the common questions predominate over any individual questions in this action.

47. The individual Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.

48. Plaintiffs have retained counsel experienced in handling class actions.

49. If individual actions were required to be brought by each of the similarly situated persons injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals, the Court and the Defendant.

50. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

51. Defendant violated the Illinois Minimum Wage Law by failing to compensate Plaintiffs and members of the class consistent with the minimum wage provisions.

52. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of 2% (two percent) per month of the amount of underpayment.

WHEREFORE, Plaintiffs and the class pray for judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action;

B. Judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

C. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

D. A two-percent per month penalty on unpaid wages under 820 ILCS 105/12(a);

E. Reasonable attorneys' fees and costs incurred in prosecuting this action as provided by the Illinois Minimum Wage Law;

F. An injunction precluding Defendant from violating the Illinois Minimum Wage Law; and

G. Such other and further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Dated this 30th day of August, 2018.

Respectfully Submitted,

**MORGAN KULCHAWIK**
**AUSTIN IVES AND**
**BERNADETTE BALEK**

By: /s/ Kenneth E. Kraus
One of Plaintiffs' Attorneys

Kenneth E. Kraus
Ken Kraus Law, LLC
215 Glen Hollow Road
Madison, Wisconsin 53705
312.420.7292
ken@kenkrauslaw.com
(admitted to Northern District Trial Bar)

Luke DeGrand
Tracey Wolfe
DeGrand & Wolfe, P.C.
20 South Clark Street
Suite 2620
Chicago, Illinois 60603
312.236.9200
ldegrand@degrandwolfe.com
twolfe@degrandwolfe.com

9